## George W. Collamore vs. Ebenezer Fernald.

Under the Rev. Sts. c. 98, a judgment rendered by the examining magistrates in favor of a debtor seeking to take the poor debtors' oath, and against whom charges of fraud have been filed, discharges his bail, notwithstanding that, on appeal by the creditor judgment be rendered that the debtor have no benefit from the proceedings.

Action of contract against a surety on a bond for the liberty of the prison limits. The parties submitted the case to the decision of the court upon the following facts:

Joel Fernald, the judgment debtor, and principal in the bond, did not surrender himself at the jail at the expiration of ninety days from his commitment on the plaintiff's execution; nor did he pay the execution. But before the expiration of the ninety days he was examined before two justices of the peace and of the quorum, upon his application to be admitted to take the poor debtors' oath; and the plaintiff appeared and alleged against him and filed written charges of fraud, upon which, after due notice to the debtor, a hearing was had, and the justices adjudged that the debtor was not guilty of the frauds alleged. From this judgment the plaintiff appealed to the court of common pleas. But the justices proceeded to administer the oath to the debtor, and made a certificate thereof to the jailer, who thereupon discharged the debtor. The plaintiff duly entered and prosecuted his appeal in the court of common pleas, but the debtor did not appear, and the court rendered judgment, upon his default, that he should have no benefit of the proceedings under the Rev. Sts. c. 98.

*J. A. Andrew*, for the plaintiff. The administering by the magistrates of the poor debtors' oath does not discharge the sureties on the debtor's bond for the liberty of the prison limits, if an appeal is taken from their judgment, and a judgment is subsequently rendered that the debtor shall have no benefit from the proceedings. Rev. Sts. c. 97, § 63; c. 98, §§ 32, 33, 36, 37. The only question decided in *Ingersoll* v. *Strong*, 9 Met. 447, was, that it was the duty of the magistrates, on rendering a judgment in favor of the debtor, to make a certificate thereof,

notwithstanding an appeal; but no question, as to the effect of the certificate in case of a reversal of their judgment, was in issue in that case.

*S. J. Gordon*, for the defendant.

DEWEY, J. This case falls directly within the principle settled in *Ingersoll* v. *Strong*, 9 Met. 447. The question of the proper construction of the provisions of Rev. Sts. *c.* 98, was very fully considered in that case. The result the court came to was, that, in case specifications of fraud are made against a party who seeks to take the poor debtors' oath, if the examining magistrates find such charges unsupported, it is their duty to administer the oath to the debtor, although an appeal be taken by the creditor; and that the effect of such proceedings will be to discharge the debtor from imprisonment, and if he is at large on bail, to discharge the bail from their liability. The bail in this case were therefore discharged from all further duty as respected the debtor, and no ground exists for charging them in the present action.     *Judgment for the defendant.*